CROSBY v. WINTER ET AL.

1. **Judgment**: CONCLUSIVENESS OF: LIENHOLDERS NOT PARTIES. The judgment in an action establishing and foreclosing a mechanic's lien is not conclusive upon the holders of other liens upon the property, who are not parties, as to the amount due, and the time the lien accrued.

*Appeal from Cerro Gordo District Court.*

FRIDAY, OCTOBER 22.

ACTION to foreclose a mortgage executed by defendant Winter. Woodford & Wheeler were made defendants and pleaded they were entitled to a mechanic's lien which was superior to the mortgage. The plaintiff moved the court to compel said Woodford & Wheeler to set out more fully certain specified matters. This motion was in part overruled. A demurrer to the answer was also overruled, and the plaintiff appeals.

*Hemenway & Polk,* for appellant.

*Bush & Hurn,* for appellees.

SEEVERS, J.—The mortgage was filed for record on the 4th day of April, 1876, and the answer of Woodford & Wheeler

1. JUDGMENT: conclusiveness of : lienholders not parties.

alleged that on the 5th day of January, 1876, they made a contract with the defendant Winter to furnish lumber for a dwelling-house, granary and fence to be erected on the mortgaged premises, and they commenced the delivery of the lumber, and completed the same October 12, 1876. Whether the delivery was commenced before the mortgage was filed for record does not clearly appear. The value of the lumber so delivered was alleged to be $719.96.

On October 30, 1876, the statement required by law claiming a mechanic's lien was duly filed, and in October, 1877,

the same was duly established and foreclosed. The plaintiff was not made a party to the action.

The plaintiff among other things moved the court to require defendants Woodford & Wheeler to set fort an "itemized account of lumber and building material, * * * with the character and quality of such material, the time of sale and delivery, and the value thereof." The motion was over-ruled. It should have been sustained. The plaintiff had the right to contest the amount claimed to be due, and also whether the lumber had been delivered, in whole or in part, before the mortgage was filed for record.

The fact a judgment establishing and foreclosing the mechanic's lien against Winter had been obtained should not be allowed to prejudice the plaintiff in any way. For in sub-stance Woodford & Wheeler are seeking to have their lien declared to be superior to the mortgage in this action. Before this can be done the lien must be established, and declared by the judgment of the court. It cannot be established until the amount due is ascertained. If the plaintiff had been made a party to the action brought to establish and foreclose the mechanic's lien, he without doubt could have contested the amount due, and whether the lien was superior to the mort-gage. By no act or laches of his has such right been forfeited, and it will not do to say the party seeking to foreclose the lien can, by dividing his action as to parties, obtain a sub-stantial advantage.

It is urged the itemized account was filed in the action brought to enforce the lien, and that it is now a matter of record, and, therefore, unnecessary to be set forth in this action. The reply to this may be made that only the issues in the action being tried can be litigated therein, and under the pleadings and theory of the court below the matters afore-said could not be litigated in this action. The holding of the District Court, as we understand, amounted to this, that the judgment establishing and foreclosing the mechanic's lien was conclusive as to the amount due.

The other questions discussed by counsel it is unnecessary to determine, and we do not do so. It is doubtful whether they are material, except the question as to the statute of limita-tions, and, without positively committing ourselves, we deem it proper to say that under this record the plaintiff cannot avail himself of such defense.

REVERSED.